**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 110177

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAROLINE NARDINO and NICOLE VOUVOUNAS, <br><br> Plaintiffs, <br><br> vs. <br><br> COLLINS ASSET GROUP, LLC, <br><br> Defendant. | Docket No: <br><br> **COMPLAINT** <br><br> JURY TRIAL DEMANDED |

CAROLINE NARDINO and NICOLE VOUVOUNAS (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against COLLINS ASSET GROUP, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff Caroline Nardino is an individual who is a citizen of the State of New York in Suffolk County, New York.

6. Plaintiff Nicole Vouvounas is an individual who is a citizen of the State of New York in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant's principal place of business is located in Wilmington, Delaware.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges Plaintiffs owe a debt ("the debts").

12. The debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the debts, Plaintiffs fell behind on payments owed.

14. The debts were incurred on credit cards.

15. The credit cards accrued interest.

16. The credit cards accrued late fees.

17. Thereafter, at an exact time known only to Defendant, the debts were assigned or otherwise transferred to Defendant for collection.

18. In its efforts to collect Plaintiff Caroline Nardino's alleged debt, Defendant contacted Plaintiff Caroline Nardino by letter dated January 22, 2016. ("Exhibit 1.")

19. In its efforts to collect Plaintiff Nicole Vouvounas's alleged debt, Defendant contacted Plaintiff Nicole Vouvounas by letter dated January 22, 2016. ("Exhibit 1.")

20. The letters are "communications" as defined by 15 U.S.C. § 1692a(2).

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**FIRST COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**
**AS TO BOTH PLAINTIFFS**

21. Plaintiffs repeat and reallege the foregoing paragraphs as if fully restated herein.

22. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

23. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

24. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

25. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

26. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

27. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

28. A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

29. The letters set forth an "Amount Due."

30. The letters fail to disclose whether the "Amount Due" may increase due to additional interest.

31. The letters fail to disclose whether the "Amount Due" may increase due to additional late fees.

32. The letters fail to include any "safe harbor" language concerning the accrual of interest and/or fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

33. The letters, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

34. The letters because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

35. The letters, because of the aforementioned failures, could be read by the least sophisticated consumer to mean that the "Amount Due" was static.

36. The letters, because of the aforementioned failures, could also reasonably read the letter to mean that the "Amount Due" was dynamic due to the continued accumulation of interest and/or late fees.

37. Because the letters are reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, they are deceptive under 15 U.S.C. § 1692e.

38. Because the letters are can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, they are deceptive under 15 U.S.C. § 1692e.

39. Defendant violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**AS TO PLAINTIFF VOUVOUNAS**

40. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

41. Plaintiff's debt is time-barred.

42. Defendant's letter failed to disclose that if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired.

43. Defendant's letter failed to disclose that the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations.

44. Defendant's letter failed to disclose that if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

45. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt

46. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

47. The least sophisticated consumer would likely be deceived by Defendant's conduct.

48. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

49. Through the actions described above, Defendant has violated the aforementioned provisions of the FDCPA.

## JURY DEMAND

50. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff Caroline Nardino pursuant to 15 U.S.C. § 1692k; and

b. Statutory damages of $1,000.00 against Defendant in favor of Plaintiff Nicole Vouvounas pursuant to 15 U.S.C. § 1692k; and

c. Plaintiffs' actual damages; and

d. Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

e. Plaintiffs' costs; all together with

f. Such other relief that the Court determines is just and proper.

DATED: September 29, 2016

        **BARSHAY SANDERS, PLLC**

        By:    /s/ Craig B. Sanders
        BARSHAY SANDERS, PLLC
        100 Garden City Plaza, Suite 500
        Garden City, New York 11530
        Tel: (516) 203-7600
        Fax: (516) 706-5055

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 110177

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

6